HARRY FEINSTEIN and Others, as Trustees on Behalf of EVER-BUILD CUT STONE COMPANY, INC., and Others, Appellants, Including COMPLETE MACHINERY & EQUIPMENT COMPANY, INC., and All Others Who May Assign Their Claims against MAJOR CONSTRUCTORS, INC., to the Said Trustees, Plaintiffs, *v.* MAJOR CONSTRUCTORS, INC., and Others, Defendants, Impleaded with GLOBE MASON MATERIALS, INC., Appellant, THE CITY OF NEW YORK and CHARLES FREDERICKS, Respondents, and DICKSON & TURNBULL, INC., and Others, Added Parties Defendant.

First Department, November 15, 1935.

*Sidney G. de Kay* of counsel, for the plaintiffs, appellants.

*Charles Fredericks* of counsel [*L. I. Silberman*, attorney], for the respondent, Charles Fredericks.

UNTERMYER, J. This appeal is concerned with the question of the relative priority of mechanics' liens and an assignment to the respondent Charles Fredericks, filed April 15, 1932, for $4,126.26, upon any balance due or to become due under a contract for a public improvement between the city of New York and Major Constructors, Inc. Thereafter Fredericks filed other assignments which, however, covered the same advances and which the court held to be surplusage. In the view which we take of the case, that question need not be considered here.

Altogether the liens and assignments aggregate $39,185.78 upon an unpaid balance of $16,780.85. When Fredericks filed his first assignment, there had already been filed liens for $8,490.07. Subsequent to the filing of the assignment there were filed additional liens and assignments to other parties amounting to upwards of $27,000. The question is whether under the Lien Law as amended (Laws of 1930, chap. 859) the assignment to Fredericks is subordinate to the liens which had previously been filed and superior to the liens which were filed thereafter, as the trial court has held, or whether Fredericks is in the same position as a lienor and thus on a parity with all other lienors regardless of the time when their liens were filed. In order to preserve equality among all lienors of the same class, as directed by the statute (Lien Law, §§ 13 and 25, subd. 4), the trial court directed that all lienors might share in the fund created by the priority which it accorded to the liens filed before the filing of the assignment to Fredericks.

Previous to the enactment of chapter 859 of the Laws of 1930, it was the settled rule of law that an assignment of moneys due or to become due under a contract for a public improvement had priority over all lienors whose liens were subsequently filed. (*Arrow Iron Works, Inc.*, v. *Greene*, 260 N. Y. 330, and cases cited.) The amendments of 1930, however, introduced extensive changes in the law. Formerly liens were entitled to priority in the order in which they were filed. (Laws of 1909, chap. 38, § 25.) By the amendment of 1930 the priority of liens under contracts for public improvements was fundamentally changed. By subdivision 4 of section 25 it is provided that " there shall be no priority among labor lienors, as a class or among other lienors as a class, and any moneys available for distribution among lienors of any class shall be distributed *pro rata* in accordance with their respective valid liens." Fundamental changes were also introduced concerning the relative priority of assignments and liens. By subdivision (1) of section 25 the right to priority is recognized only in favor of an assignee " whose assignment is duly filed prior to the filing of a notice of lien or assignment of every other party to the action." Even where the

assignment is so filed the assignee is entitled to priority only " to the extent of advances made upon such assignment before the filing of the notice of lien or assignment next subsequent to his assignment." As to advances made upon such an assignment subsequent to the filing of any notice of lien the assignee is to be " treated as a lienor having a lien to the extent of advances so made." Subdivision (2) of section 25 relates to assignments which are filed " subsequent to the filing of the notice of lien or assignment of any other party." In that event the assignee " shall for the purpose of determining his proportionate share of moneys available for distribution, as provided in subdivision four of this section be treated as a lienor having a lien to the extent of advances actually made upon such assignment prior to the filing thereof." The effect of these provisions is that an assignee is entitled to priority over liens only when the assignment is filed before any notice of lien and then only to the extent of advances made before the filing of such a notice. Otherwise he is to be regarded as a lienor on a parity with other lienors.

These provisions are perhaps accounted for by the change in the statute abolishing priority among lienors. If priority over subsequent liens had been accorded to an assignee whose assignment was filed after the filing of any notice of lien. it would have resulted in a priority in favor of liens filed before the assignment over liens thereafter filed unless, as the trial court attempted here, some further adjustment among the lienors was made, which finds no warrant in the statute. That result does not follow where the assignment is filed before the filing of any notice of lien. In such a case it was possible to accord priority to the assignment without disturbing the relative position of subsequent lienors.

It may be, as the respondent asserts, that these provisions will render more difficult the plight of a contractor who finds it necessary to seek fresh capital to complete the contract. After any lien has been filed he will no longer be able to offer an assignment of moneys due or to become due which will have priority over subsequently filed liens. Even so, this would not justify us in disregarding the provisions of the statute, thereby creating a priority among lienors which again can only be obviated by a process which the statute does not contemplate. Moreover, provision for such financing is made by sections 26 and 27 of the Lien Law and may be accomplished either by means of a mortgage given or assignment made with the consent of fifty-five per cent of lienors.

The judgment should be modified, except as to the appellant Globe Mason Materials, Inc., whose appeal has been withdrawn, by declaring that the defendant Fredericks by virtue of his assign-

ments is only entitled to share *pro rata* in the fund, and as so modified affirmed, with costs to the plaintiffs, appellants.

MARTIN, P. J., MERRELL, TOWNLEY and GLENNON, JJ., concur.

Judgment unanimously modified as indicated in opinion, and as so modified affirmed, with costs to the plaintiffs, appellants. Settle order on notice reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.