SAMUEL FRIEDMAN, Respondent, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK and CITY OF NEW YORK, Appellants.

First Department, March 3, 1939.

*Stanley Buchsbaum* of counsel [*Albert Cooper* with him on the brief; *William C. Chanler, Corporation Counsel*], for the appellants.

*Wilfred S. Stachenfeld* [*Jacob J. Sachs* with him on the brief], for the respondent.

CALLAHAN, J.  Plaintiff sues at law to recover $2,000 claimed to be due him as assignee *pro tanto* of the proceeds of a contract made by Beacon Contracting Co., Inc. (hereinafter referred to as Beacon), with the defendant board of education, for the alteration of a public school building.

The complaint alleges that plaintiff filed an assignment in the sum of $2,000, executed to him by Beacon, of moneys earned by the latter under a contract for a public improvement.  It states that the consideration for this assignment was the sum of $2,000 which plaintiff advanced at the time of the execution of the assignment.  It alleges that the money advanced was received by Beacon towards the performance of its contract; that Beacon contracted to receive said moneys as a trust fund, as required by subdivision (5) of section 25 of the Lien Law.

After alleging the filing of the assignment, it states that the defendants approved and accepted same.  It asserts that there

was due and owing from the defendants to Beacon, by virtue of the said contract, a sum of money amounting to approximately $4,500 including $2,000 due plaintiff; that the board of education audited the claims under its contract with Beacon and found said sum of $4,500 to be due, which fact it certified to the comptroller of the city of New York; that the board authorized the city comptroller and the city treasurer to disburse the sum of $4,500 and to pay same to those entitled thereto under the contract and to those holding assignments of moneys due, and authorized the comptroller and the city treasurer to pay to plaintiff said sum of $2,000; that pursuant to said directions the financial officers of the city directed the said payment of the sum of $4,500 due to the persons entitled thereto, and drew a warrant in the sum of $2,000 to plaintiff.

The complaint further alleges a demand for and the refusal to pay said sum of $2,000.

The answer sets forth the making of the contract between Beacon and the board of education for the alteration of a public school building; that a large number of instruments purporting to be assignments and liens were filed in connection with said public improvement. The answer then sets forth a list of assignments and liens filed, giving the dates of filing, the names of the claimants, the amounts and nature of the claims. It appears from this list that plaintiff's is the fifth assignment filed in the order of priority. One of the prior assignments, however, is a refiling, so plaintiff's is in fact the fourth in order of priority.

It appears from the list that all assignments prior to plaintiff's plus that of plaintiff's, total less than $4,500. If further appears from said list that no mechanic's lien was filed before plaintiff's assignment, but that after plaintiff's assignment was filed, a large number of mechanics' liens and additional assignments were filed, totaling far beyond $4,500.

None of the assignments filed either before or after plaintiff's, nor the liens filed after plaintiff's assignment, appear to have been satisfied or discharged.

The answer admits the filing of plaintiff's claim, but denies that defendants have made any adjustment thereof. By failure to deny, it admits allegations in the complaint to the effect that there became due and owing to Beacon from defendants, by virtue of the contract, the sum of $4,500, and that the defendant board audited claims under the contract in that amount.

The fifth paragraph of the answer denies, on information and belief, certain paragraphs of the complaint concerning, among other things, defendants' acceptance of the assignment; it denies that $2,000 was due to the plaintiff, or that the defendant board authorized the payment of the moneys involved.

A first separate defense sets forth, in substance, that under the provisions of the contract between Beacon and the defendant board, the said defendant need make no payments while there are liens or incumbrances outstanding, and that from any money due the contractor, the board had the right to retain sufficient sums to pay all such liens or incumbrances. It then repeats the list of incumbrances above referred to, and states that the existence thereof bars the maintenance of the present action.

A second separate defense sets forth that the lienors and assignees listed in the answer are necessary parties to the action.

The denials in paragraph " fifth " of the answer and both separate defenses were stricken out by Special Term, with leave to plead anew.

The basis of the decision at Special Term was that, under section 25 of the Lien Law, assignees who file their assignments before any lienor files a lien, are entitled to priority over subsequent liens and over other assignments following such liens, at least to the extent of advances made by such prior assignees before the filing of the subsequent liens or assignments. In other words, the Special Term held, in effect, that the changes in the Lien Law brought about by the recent amendments to section 25 thereof, were not intended to affect the former rule of priority among assignees except as to those filing their assignments after the filing of a mechanic's lien against the improvement. In so deciding the Special Term stated that it relied on the decision of this court in *Feinstein* v. *Major Constructors, Inc.* (245 App. Div. 530). The Special Term held that as there was enough money in the hands of the city in the present case to make full payment of all of the assignments down to and including plaintiff's, there was no justification on the part of the defendants to retain any of the moneys due, and no necessity for plaintiff to join other assignees or lienors as parties.

We think that the Special Term erred in its construction of the statute. Section 25 of the Lien Law relates to priorities of liens and assignments in contracts for public improvement. It provides for parity of all liens in the same class. It states that in an action to enforce a lien under a contract for a public improvement, or to enforce an assignment of moneys due under such a contract, parties having liens or assignments shall have priorities as follows:

" (1) Except as provided in section five an assignee of moneys, or any part thereof, due or to become due under a contract for public improvement, whose assignment is duly filed prior to the filing of a notice of lien or assignment of every other party to the action,

shall have priority over those parties to the extent of advances made upon such assignment before the filing of the notice of lien or assignment next subsequent to his assignment, but as to advances made subsequent to a notice of lien or assignment filed and unsatisfied or not discharged such assignee for the purpose of determining his proportionate share of moneys available for distribution as provided in subdivision four of this section shall be treated as a lienor having a lien to the extent of advances so made.

" (2) An assignee of moneys or any part thereof, due or to become due under a contract for a public improvement whose assignment is duly filed subsequent to the filing of the notice of lien or assignment of any other party shall for the purpose of determining his proportionate share of moneys available for distribution, as provided in subdivision four of this section be treated as a lienor having a lien to the extent of advances actually made upon such assignment prior to the filing thereof. *  *  *

" (4) There shall be no priority among labor lienors, as a class or among other lienors as a class, and any moneys available for distribution among lienors of any class shall be distributed *pro rata* in accordance with their respective valid liens."

While the provisions of this section are fairly clear as to the rights of assignees who file after the filing of a mechanic's lien, they do not express with equal clarity the rights of assignees who file before any mechanic's lien is filed. We think, however, that the section was intended to mean that, with the exception of the first assignee, all lienors and assignees are to share on a parity to the extent indicated in the section, regardless of the chronological order of the filing of their notices of liens or assignments, where any prior lien or assignment remains undischarged of record at the time of the filing of any notice other than that of the first assignment.

Subdivision (1) of section 25 provides that the first assignee whose assignment is filed has priority over subsequent assignees or lienors, to the extent of advances made before the filing of the subsequent assignments or liens, but as to advances made subsequent to the filing of any other lien or assignment (which is not discharged), such first assignee is to be treated as a lienor and shares on a parity with other assignees and lienors.

As to assignees whose assignments are filed after the filing of any other assignment or lien which remains undischarged of record, subdivision (2) of the section, read in connection with subdivision (4), seems to provide that all such subsequent assignees shall be treated as lienors and share on a parity with other assignees and lienors as to all advances made before the filing of their assignments.

Subdivision (4) of section 25 provides that there is to be no priority among lienors of a class. As all assignees subsequent to the first

are by the provisions of the section deemed to be lienors, there would seem to be no priority for any subsequent assignee. The only preference granted any assignee is granted to the original assignee, and then only to the extent of advances made before any other notice of assignment or lien is filed.

This construction is in conformity with our decision in *Feinstein v. Major Constructors, Inc. (supra)*. In that case the rights of one Fredericks, an assignee, were involved. When Fredericks filed his assignment, numerous liens had already been filed. Subsequent to the filing of his assignment, additional liens and assignments were filed. We held that, under the circumstances, Fredericks was in the same position as a lienor; that he was on a parity with other lienors, and was entitled to so share with them in the fund.

The circumstances in the present case differ from those in the *Feinstein* case (*supra*) in that here there were no prior liens, but only prior assignments filed before plaintiff's assignment. We think that the result with respect to the present plaintiff is the same as that with respect to Fredericks in the *Feinstein* case (*supra*), for the language of section 25 makes no distinction in favor of an assignee other than the first, whether liens precede his assignment or not.

What was said in the *Feinstein* case (*supra*) to the effect that the only priority remaining under the statute exists in favor of the first assignee over " lienors," was based on the fact situation then before us. The statement is equally applicable as to priorities over lienors or other assignees. We hold that the only priority remaining under section 25 of the statute exists in favor of the first assignee over subsequent lienors or other assignees.

Accordingly we hold the first defense sufficient.

The second defense is insufficient on its face. It fails to set forth facts showing the existence of valid liens by repetition or by new allegations. In any event the non-joinder of parties no longer defeats an action. (Civ. Prac. Act, § 192.) The defendants may move under rule 102 of the Rules of Civil Practice or section 193 of the Civil Practice Act to require that the necessary parties be brought in.

As to the denials of the fifth paragraph of the answer, we fail to find that they are frivolous. The defendants were not in a position to determine the validity of plaintiff's assignment or of his right to a portion of the moneys owing to Beacon until the rights of other assignees and lienors were determined.

Under the circumstances, the order appealed from should be modified by denying motion as to paragraph fifth of the answer and the first separate defense contained therein, and as so modified affirmed, without costs.

MARTIN, P. J., O'MALLEY, GLENNON and DORE, JJ., concur.

Order unanimously modified by denying the motion as to paragraph fifth of the answer and the first defense contained therein, and as so modified affirmed, without costs.