(22 Misc. Rep. 241.)

### CORNING et al. v. BARRETT et al.

(Supreme Court, Special Term, Kings County. January 20, 1898.)

1. CORPORATIONS—ACTION BY STOCKHOLDER—MISCONDUCT OF DIRECTORS—SUFFICIENCY OF COMPLAINT.

A complaint by a stockholder of a business corporation, on behalf of himself and other stockholders and creditors, against the directors, alleging that, such corporation being insolvent, defendants conspired to defraud plaintiff, and wrongfully caused the property and franchise of such corporation to be transferred to themselves, and also unlawfully transferred such property with the intent of defrauding plaintiff, by reason whereof such corporation became insolvent, and plaintiff sustained great loss, and praying damages, and that defendants be required to account, was deficient as a complaint in equity, in failing to show that the directors, at the time the action was brought, had been requested to bring such action, and refused.

2. SAME—ACTION FOR DAMAGES—INSUFFICIENT STATEMENT.

Such complaint did not state facts sufficient as an action at law for damages, as it showed that, when the directors transferred the property of the corporation, it was insolvent, but alleged no fact to show how the stockholders were damaged thereby, when they could get nothing, on account of such insolvency, however carefully the assets might be liquidated and distributed.

**3. SAME—ACTION FOR ACCOUNTING—CORPORATION A NECESSARY PARTY.**

In an action by a stockholder of a business corporation to compel an accounting by its directors, such corporation is a necessary party defendant.

Action by William O. Corning and all other stockholders and creditors of the Harlem Storage Warehouse & Express Company who may in due time elect to come in as plaintiffs, and contribute to the expense of this suit, against John T. Barrett and others, directors of said corporation, for damages, and to compel an accounting. On demurrer to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action, and that there is a defect of parties defendant, in that the corporation is not made a defendant. Sustained.

By the title of the action, and by allegations in the complaint, the plaintiff professes to sue in behalf of himself as a stockholder of a named business corporation, and of all other stockholders and all creditors of the said corporation. The defendants were the directors of the said corporation. The complaint alleges that the plaintiff was from the beginning and is the owner of 180 shares of the said corporation of the par value of $18,000, and as a conclusion from this that he was and is a stockholder and creditor for that sum; in general terms, that on July 29, 1893, the said corporation being "insolvent and in contemplation of insolvency," the defendants conspired to cheat and defraud the plaintiff, and wrongfully and unlawfully caused the property and franchise of the said corporation "to be transferred to themselves, and to be so dealt with by said defendants as to carry into effect a conspiracy" to defraud the stockholders and the said corporation, to the damage of the plaintiff in the sum of $18,000, "and to the great damage of the other stockholders and creditors of the corporation"; next, that at the said time the defendants "unlawfully made conveyances, assignments and transfers" of the property of the said corporation with the intent of cheating and defrauding the plaintiff, "and of giving a preference to particular creditors" of the said corporation; that by reason of the said acts of the defendants the said corporation became insolvent, by reason of which the plaintiff has sustained loss in the sum of $18,000. No particular conveyances, or facts of fraud or conspiracy, are alleged. The judgment demanded is "for the said sum of $18,000" for the plaintiff, and that the defendants be compelled to account for their said acts, and to pay to the said corporation "or to its creditors" any sum they may be charged with, and for any further relief found to be just. The complaint is demurred to on the grounds that it does not state facts sufficient to constitute a cause of action, and that there is a defect of parties defendant, in that the corporation is not made a defendant.

J. J. Bennett, for plaintiff.

W. H. Sage, for defendants.

GAYNOR, J. Counsel for the plaintiff treats the action as one for damages; counsel for defendant, as one for equitable relief. The complaint is so drawn that it is disputable which it is for. It is a jumble the like of which has come to be far too common. It is stamped as a complaint in equity by being brought in behalf of the plaintiff and all other stockholders and all creditors of the corporation, as shown by the title and by allegations of the complaint. Such an action cannot be at law. The accounting asked for also shows the same. The action being in equity, the defendant corporation is a necessary party defendant, for the accounting would have to be to it. Moreover, there is no allegation that the present directors were re-

quested by the plaintiff to bring the action and refused.    A stock-holder may not bring an action as a champion of the corporation unless the directors refuse to do so, and thus commit a breach of duty. If, however, the defendants continued to be the directors of the corporation up to the time of the commencement of the action, no such request was necessary.    It is never necessary to make such a request of the directors who commit the breaches of trust complained of, for the law does not require that which is idle or absurd.    It would not be sufferable for directors to bring and pretend to prosecute such an action against themselves.    But the court is not to presume that the defendants continued as directors since 1893, for there is an election of directors each year.    If the action could be deemed at law, for $18,000 damages, the complaint does not state facts sufficient.    It alleges that when the directors transferred the property to creditors, or to themselves (or to both, if that be what is meant), the corporation was insolvent.    That being so, there is no fact alleged to show how the stockholders were damaged thereby, for they would get nothing no matter how carefully the assets might be liquidated and distributed.    Later on the complaint alleges that the corporation was made insolvent by the said acts of the directors; but the plaintiff has to be held to something.

The demurrer is sustained.