BENJAMIN W. COHEN, Appellant, *v.* CHARLES A. DANA et al., Defendants, and KARL H. BEHR et al., Respondents

Argued January 5, 1942; decided March 5, 1942.

*Jacob Lippman, Martin Lippman* and *William M. Smith* for appellant. A complaint should not be dismissed for non-joinder of a party defendant. (*McKnight* v. *Bank of New York & Trust Co.*, 254 N. Y. 417; *Spaulding* v. *First Nat. Bank*, 210 App. Div. 216; 239 N. Y. 586; *New Amsterdam Casualty Co.* v. *Mobinco Brokerage Co.*, 219 App. Div. 486.) There is no evidence that our courts cannot obtain jurisdiction of the Fisk Rubber Corporation. (35 Columbia Law Review, pp. 793, 794; 44 Yale Law Journal, p. 1091; *Keene* v. *Chambers*, 271 N. Y. 326.)

*Paul H. Arthur, Paul W. Williams* and *Horace G. Hitchcock* for respondents. The plaintiff having sworn that he will be unable to bring the corporate defendant before the court, the complaint was properly dismissed. Jurisdiction of a cause will not be retained, and the complaint will be dismissed, if a complete determination of the controversy is impossible because of inability to bring an indispensable party before the court. (*Mahr* v. *Norwich Union Fire Ins. Co.*, 127 N. Y. 452; *Osterhoudt* v. *Board of Supervisors*, 98 N. Y. 239; *Minnesota* v. *Northern Securities Co.*, 184 U. S. 199; *Whalen* v. *General Mining, Milling & Power Co.*, 249 App. Div. 601; *Philipbar* v. *Derby*, 85 Fed. Rep. [2d] 27; *Hyams* v. *Old Dominion Co.*, 209 Fed. Rep. 808; *Lawrence* v. *Southern Pacific Co.*, 180 Fed. Rep. 822; 228 U. S. 137; *First Nat. Bank* v. *Shuler*, 153 N. Y. 163.)

FINCH, J. Appeal is taken to this court by plaintiff from a judgment dismissing the complaint entered upon the order of the Appellate Division.

As the complaint has been dismissed before answer, we are compelled to take the allegations as if proven true. The complaint alleges that the action is brought " for the benefit and in the right of said The Fisk Rubber Corporation and for the benefit and in the right of all stockholders of the common stock of the Fisk Rubber Corporation " (hereinafter called Fisk) against the directors of that corporation and certain other third parties, all of whom it is alleged entered into an illegal scheme and conspiracy

among themselves to transfer by means of misrepresentation and concealment the assets of Fisk to the defendant United States Rubber Company at a price grossly below the true value of said assets, to the great damage of the corporation and its stockholders. Thereafter the defendants caused Fisk to be dissolved and all of its assets distributed. The complaint further alleges that Fisk was a foreign corporation organized in Delaware and engaged in business in Massachusetts until its dissolution in March, 1940. The individual defendants, except defendant Georgeson, were the directors of Fisk. Defendant United States Rubber Company is a foreign corporation of New Jersey and has a principal place of business in the city of New York. Defendant Dillon, Read & Company is a domestic corporation and defendant Behr its vice-president. Among the chief assets of Fisk were letters patent covering inventions establishing the cord tire fabric. These inventions were and are of great value, and of ever increasing value. Through successful prosecution of patent litigation conducted by Fisk, it became entitled to receive from all infringers, including the rubber company, large sums of money by way of damages, profits and royalties, with the continuing right to receive such royalties from users of the patents. Fisk brought an action against the General Tire Corporation for infringement, which finally established the validity of the patents in the courts of the United States. The illegal scheme and conspiracy was conceived and carried through by these defendants for the purpose of acquiring the advantage and gain of these patents for the rubber company and to the damage of Fisk. To carry out this illegal conspiracy the directors approved and recommended to the stockholders the sale of all the assets of Fisk to the rubber company at a price based upon the book value of the assets of Fisk allowing one dollar for the value of these inventions and on this basis the defendants caused an agreement to be made between Fisk and the rubber company in December, 1939, whereby Fisk agreed to sell and the rubber company agreed to buy all the assets of Fisk including

the patents. The agreement provided that the contract would be closed following the approval of the sale by a majority of the stockholders. The rubber company agreed to pay approximately $6,000,000 plus 109,000 shares of the common stock of the rubber company, making the total price paid for the property of Fisk approximately $11,000,000. According to the consolidated balance sheet prepared by the accountants of Fisk, the net worth of Fisk and its subsidiary companies was approximately $13,000,000 without any value for the good will or patents except the sum of one dollar. The patents were worth upwards of $5,000,000, making the total value of the assets of Fisk upwards of $18,000,000 for which the rubber company paid approximately $11,000,000. In order to carry out the conspiracy, the defendants engaged the defendant Georgeson to hire assistants and solicit proxies, it being agreed among the defendants that they would misrepresent and conceal from the stockholders of Fisk the true value of the assets of Fisk and the value of the common stock by concealing the value of the patents. By this misrepresentation and concealment a majority of the stockholders of Fisk approved the sale. At the time of the sale, the present business and the prospect for future business of Fisk were the greatest in the history of the corporation, the earnings and profits derived therefrom being for the year 1939 more than three times that of the preceding year. As a part of this conspiracy the defendant director Speaks received the sum of $100,000, and defendant Behr the sum of $50,000 for the benefit of Dillon, Read & Company. Defendants Speaks and Behr dominated and controlled the other members of the board of directors, and succeeded in bringing about the making of the contract and consummation of the objects of the conspiracy even though both of said directors abstained from voting. The director Dennett, through a pecuniary interest inconsistent with his position of director, profited in excess of $100,000. Through this conspiracy Fisk was damaged in a sum exceeding $5,000,000, and the defendants made personal profits in excess of $5,000,000. The plaintiff asks no relief against Fisk.

Plaintiff prays for a decree directing the defendants to account and that the court appoint a receiver or such other officer as it may deem proper to receive and distribute any recovery for the benefit of Fisk and its common stockholders.

Since the defendants, instead of answering on the merits, have moved the court to direct plaintiff to bring in Fisk as a party defendant, all the allegations of the complaint must be taken as admitted for the purposes of the motion.

In moving to have the court direct plaintiff to bring in Fisk as a necessary party, the defendants admit the dissolution of Fisk in Delaware in March, 1940, and that all of its assets have been distributed and all its directors have either resigned or ceased to be directors, but set up the Delaware statute (Delaware Corporation Law, § 42) continuing dissolved corporations for a period of three years as " bodies corporate for the purpose of prosecuting and defending suits by or against them, and of enabling them gradually to settle and close their business, to dispose of and convey their property and to divide their capital stock *· * *." In opposition to the motion plaintiff by affidavit alleges that while Fisk was in business it never was licensed to do business in New York but did business solely in the state of Massachusetts, and that since its dissolution Fisk has not engaged in business anywhere and has no tangible assets and that if plaintiff is compelled to serve Fisk with process in this state the action cannot be prosecuted. Moreover, as Fisk cannot be served with process in the State of New York, and none of the defendants can be served with process in the state of Delaware, it follows that if plaintiff is required to make Fisk a party defendant and serve process upon Fisk in the State of New York, the allegations of this complaint will stand admitted as true, and yet be determined without answer and without trial. Plaintiff further shows that written request on his part has been made of the defendant directors who have been served with process in this action, that they cause Fisk to appear voluntarily herein as a party defendant, offering to consent to have Fisk made a party defendant in accord-

ance with the relief demanded in the motion of defendants. This motion of defendants to compel plaintiff to make Fisk a party was denied at Special Term. Following the denial of this motion defendants moved to dismiss the complaint on the ground that the plaintiff concedes that the court cannot obtain jurisdiction of a party indispensable to the action. Special Term likewise denied this second motion. On appeal from both orders the Appellate Division unanimously reversed and dismissed the complaint saying in an opinion that although Fisk had been dissolved yet under the law of Delaware the corporation continues in existence for three years " for the purpose of prosecuting and defending suits," and that " this practical disposition [a dismissal of the complaint] is made in view of the concession that service cannot be had upon the Fisk Rubber Corporation in this jurisdiction." (262 App. Div. 42, 44.) The appeal from the order to cause Fisk to be made a party was dismissed as academic.

Without passing on whether Fisk is a necessary and indispensable party to this litigation, the complaint should not have been dismissed. The concession which was the basis of the decision of the Appellate Division was not sufficiently broad to justify the result arrived at. All that the plaintiff conceded was based upon the statement that Fisk " cannot be served with process in this State." The inability of plaintiff to serve process upon Fisk within this state does not exclude the possibility of the joinder of Fisk as a party. The plaintiff urges that under the circumstances of this case the court in Delaware may be petitioned to direct Fisk to enter an appearance in the suit against the directors so as to satisfy the procedural requirements of joinder and not permit these serious charges to go unanswered and untried. If the court at the domicile of the corporation did not order such an appearance, nevertheless it might appoint a receiver with authority to prosecute the action or grant such other relief as might be just and proper. The plaintiff should have been given a full opportunity either to bring in Fisk as a party defendant or to have an adjudication

duly made by the court at its domicile, or thereafter to show in this action that under the circumstances in the case at bar Fisk was not an indispensable party to this action. At that time it may become necessary to consider also to what extent the statutory direction is applicable that no action shall be defeated by the non-joinder of parties. (Civil Practice Act, § 192.)

It follows that the judgment of the Appellate Division dismissing the complaint should be reversed and the order of the Special Term denying the motion to dismiss the complaint affirmed, with costs in this court and in the Appellate Division.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS and DESMOND, JJ., concur; CONWAY, J., taking no part.

Judgment accordingly.