ARTHUR NORMAN, Suing on His Own Behalf and on Behalf of All Other Stockholders of BARKLEY-GROW AIRCRAFT CORPORATION Similarly Situated, Plaintiff, *v.* GENERAL AMERICAN TRANSPORTATION CORPORATION et al., Defendants.

Supreme Court, Special Term, New York County, July 29, 1943.

*I. Gainsburg, Samuel Gottlieb* and *Harry E. Ratner* for plaintiff.

*Albert R. Connelly* and *Harold R. Medina, Jr.,* for General American Transportation Corporation and others, defendants.

WALTER, J. This action, begun on August 12, 1942, is brought by a stockholder in the right and on behalf and for the benefit of Barkley-Grow Aircraft Corporation, which the complaint alleges " was " a Michigan corporation which ceased to exist as an active corporation when it disposed of its assets in May, 1940, and which is named as a defendant but has not been served with process or appeared. After joinder of issue by the service of answers of certain other defendants, plaintiff moved for an examination of certain defendants before trial. Such defendants thereupon moved to stay proceedings until Barkley-Grow Aircraft Corporation " shall have been made a party hereto ", and plaintiff then moved for an order dispensing with service of the summons and complaint upon that corporation. Those are the three motions now before the court.

It is not claimed that Barkley-Grow ever did business in New York. It ceased active business in May, 1940, when it made the disposition of its assets which forms the subject of complaint in this action. There is some assertion that such disposition " automatically dissolved " the corporation, but the Michigan Corporation and Securities Commission certifies that the corporate charter " became void " as of August 31, 1942, for failure to file annual reports and pay the fees in connection therewith. A statute of Michigan provides that corporations whose charters " become void " nevertheless continue to be bodies corporate for the further term of three years for the purpose of prosecuting and defending suits for or against them and of enabling them gradually to settle and close their affairs and to dispose of and convey their property and to divide their assets. Whether or not the directors or officers in office at the time the charter becomes void are made trustees in liquidation does not appear. Of the seven persons who were last elected as such directors and officers, six are named as defendants in this action, but they are named only as individuals and not as liquidating trustees or in any official or fiduciary capacity, and none of the six has been served herein or appeared. All six are alleged to be designees of defendant General American Transportation Corporation,

which, as controlling stockholder of Barkley-Grow, is charged with the alleged wrongful acts here complained of, and failure to demand that Barkley-Grow bring the suit to redress the alleged wrong is excused in the complaint upon the allegation that such demand would be an idle gesture because of the control so alleged to be exercised by General American Transportation Corporation.

The situation thus is that a stockholder seeks to prosecute an action in the right and on behalf and for the benefit of a corporation which has not been brought before the court by process or appearance.

That the corporation in whose right and on whose behalf a stockholder's suit is brought is a necessary party to such suit has been specifically held by the Court of Appeals and by the Appellate Division of this department (*Greaves* v. *Gouge,* 69 N. Y. 154; *Brady* v. *Meenan,* 204 App. Div. 390; *Whalen* v. *General Mining, Milling & Power Co.,* 249 App. Div. 601) and has been specifically stated in numerous cases, early and late, State and Federal. (*New York & N. H. R. R. Co.* v. *Schuyler,* 17 N. Y. 592, 596; *Brinckerhoff* v. *Bostwick,* 88 N. Y. 52, 61; *Flynn* v. *Brooklyn City R. R. Co.,* 158 N. Y. 493, 508; *Niles* v. *N. Y. C. & H. R. R. R. Co.,* 176 N. Y. 119, 124, 125; *Kavanaugh* v. *Commonwealth Trust Co.,* 181 N. Y. 121, 124; *Continental Securities Co.* v. *Belmont,* 150 App. Div. 298, 300; *Planten* v. *National Nassau Bank,* 174 App. Div. 254, 259; *Corning* v. *Barrett,* 22 Misc. 241; *Harris* v. *State Bank,* 177 N. Y. S. 545, 547; *Davenport* v. *Dows,* 18 Wall. 626, 627; *Porter* v. *Sabin,* 149 U. S. 473, 478; *Baltimore & Ohio R. R.* v. *Parkersburg,* 268 U. S. 35, 38; *Lawrence* v. *Southern Pacific Co.,* 180 F. 822.) In such an action it is the right of the corporation which is being adjudicated; the remedy sought is for wrong done to the corporation; the primary cause of action belongs to the corporation; recovery must enure to the benefit of the corporation; and as courts do not, and cannot, adjudicate the rights of parties not before them, a judgment rendered without its presence would not be binding upon it and there would be no way of enforcing the rule that there can be only a single recovery for a single wrong. (*Isaac* v. *Marcus,* 258 N. Y. 257, 264, 266.) Nevertheless, in a recent stockholder's action, in which the corporation had been dissolved, the Court of Appeals, in reversing a judgment dismissing the action because the corporation could not be served within this jurisdiction, declared that it did not pass upon whether the corporation was a necessary and indispensable party to the litigation and stated that the plaintiff should have an opportunity to show that under the circumstances of that

case the corporation was not an indispensable party. (*Cohen v. Dana,* 287 N. Y. 405, 410, 411.) I am thus forced to assume, at least hypothetically, that circumstances conceivably may exist under which the corporation's presence may be dispensed with, but to regard mere inability to reach both the corporation and the wrongdoers in the same forum as such a circumstance would be contrary to all settled rules and equivalent to saying that whenever a creditor cannot reach his debtor he may proceed to judgment without reaching him by getting an order of the court dispensing with service upon him. Statute and decision alike, to say nothing of the fundamental conception of justice embodied in the requirement of due process of law, command that no court can adjudicate upon a person's rights without that person's actual or constructive presence, and that when a controversy cannot be determined without the presence of certain parties, the court must not dispense with their presence, but direct them to be brought in. (Civ. Prac. Act, § 193, subd. 1; *Mahr v. Norwich Union Fire Ins. Society,* 127 N. Y. 452, 459, 461; *Bogart v. Southern Pac. Co.,* 228 U. S. 137, 146, 147.)

Plaintiff strongly urges, however, and some admitted facts rather indicate, that one of the appearing defendants, General American Transportation Corporation, which is a defendant charged with the alleged wrongful acts complained of, not only owns more than fifty per cent of the stock of Barkley-Grow but also assumed actual control of its business and affairs and of its directorate and management, and dominates and controls its last elected officers and directors, and easily could, if it would, secure an appearance of Barkley-Grow in this action. And upon the basis of that alleged situation plaintiff urges, in effect, that, just as courts of equity invented the stockholder's suit itself in order to prevent control of a corporation by wrongdoers from operating as a bar to any remedy for the wrong through the absence of a willing and efficient plaintiff (*Isaac v. Marcus,* 258 N. Y. 257, *supra; Koral v. Savory, Inc.,* 276 N. Y. 215, 218), so courts of equity may make some further invention to prevent such control from operating as such a bar through the absence of an indispensable defendant. Just how far assent may be yielded to that contention need not be now determined. It is sufficient for the purposes of these motions to say that, if it be true that General American Transportation Corporation is in fact a mere *alter ego* of Barkley-Grow, then the court might conclude that for the purposes of this case the presence of that corporation is sufficient to enable it to adjudicate upon the rights of Barkley-Grow, upon some-

what the same grounds upon which corporate entity sometimes is disregarded in other connections, and enough has been shown to require that plaintiff be given an opportunity to show what the facts are in that respect.

My conclusions thus are: Plaintiff's motion to dispense with service upon Barkley-Grow should be denied. Defendants' motion for a stay of proceedings should be granted to the extent of staying, until the further order of the court, all proceedings on the part of the plaintiff other than (1) to examine General American Transportation Corporation with respect to its domination and control of Barkley-Grow, and (2) to take such steps, if any, as may be appropriate for securing jurisdiction over Barkley-Grow. (See *Cohen* v. *Dana,* 264 App. Div. 721, 858.) Plaintiff's motion for examination before trial should be denied as such but granted as an examination of General American Transportation Corporation with respect to such domination and control. The peculiarity of the result of refusing an examination before trial as such and allowing the examination indicated upon the same subjects is due to the peculiar coincidence in this case that the transaction attacked in the complaint has such a close and intimate relation to the question of domination and control as to make the circumstances of that transaction relevant upon the question of such domination and control. After the examination here allowed has been had, either party may apply for further relief and the court will then determine, in the light of the examination, whether, under the principles indicated in *Cohen* v. *Dana* (264 App. Div. 858, *supra*) the action should be stayed or dismissed or allowed to proceed to trial upon its merits.

While entirely *obiter,* I think it not inappropriate to call attention to the fact that in patent and copyright suits the Federal courts, in order to prevent wrongs from going without remedy, have met the problem of absent indispensable parties by allowing such parties to be named as plaintiffs without their consent and against their will and the will of other defendants, just as courts of law long ago met the doctrine of nonassignability of choses in action by allowing the assignee to sue in the name of the assignor. (See *Independent Wireless Tel. Co.* v. *R. C. A.,* 269 U. S. 459, 467, 469–473; *Stephens* v. *Howells Sales Co.,* 16 F. 2d 805, 806, 807; *Page & Co.* v. *Fox Film Corp.,* 83 F. 2d 196, 197.) I do not suggest that such cases are analogous to a stockholder's action except to the extent that they illustrate the flexibility of procedural devices.

Settle one order disposing of all three motions in accordance with this opinion.