WILLIAM WEINERT et al., as Stockholders of MARCH GOLD, INC., Suing on Behalf of Themselves and on Behalf of All Other Stockholders of Said Corporation, Respondents, *v.* EDWARD G. KINKEL et al., Appellants, et al., Defendants.

Argued November 14, 1946; decided January 16, 1947.

*Theodore Kiendl, William R. Meagher, Alfred L. Becker, Howard S. Tuthill* and *James O. Moore* for appellants. I. The facts found do not warrant the conclusion of law that appellants violated their fiduciary duties. (*Dalury* v. *Rezinas,* 183 App.

Div. 456, 229 N. Y. 513; *Rhodes* v. *Ocean Accident & Guarantee Corp., Ltd.,* 235 App. Div. 340; *Continental Bank & Trust Co.* v. *W. A. R. Realty Corp,* 265 App. Div. 729; *Leshay* v. *Tomashoff,* 267 App. Div. 635; *Stamabelis* v. *Mickros,* 136 Misc. 46; *Meinhard* v. *Salmon,* 249 N. Y. 458; *Preston* v. *Loughran,* 58 Hun 210; *Inglehart* v. *Thousand Island Hotel Co.,* 109 N. Y. 454; *Leavenworth* v. *Chicago, Rock Island & Pacific Ry. Co.,* 134 U. S. 688; *Skinner* v. *Smith,* 134 N. Y. 240; *Twin-Lick Oil Co.* v. *Marbury,* 91 U. S. 587.) II. The absence of March Gold, Inc., as a party is fatal to the judgment. (*Koral* v. *Savory Inc.,* 276 N. Y. 215; *Flynn* v. *Brooklyn City R. R. Co.,* 158 N. Y. 493; *Holmes* v. *Camp,* 227 N. Y. 635; *Brady* v. *Meenan,* 204 App. Div. 390; *Whalen* v. *General Mining, Milling & Power Co.,* 249 App. Div. 601; *Greaves* v. *Gouge,* 69 N. Y. 154; *Niles* v. *N. Y. C. & H. R. R. R. Co.,* 176 N. Y. 119; *Teich* v. *Lawrence,* 291 N. Y. 245; *Continental Securities Co.* v. *Belmont,* 206 N. Y. 7; *Norman* v. *General American Transportation Corp.,* 181 Misc. 233, 267 App. Div. 758; *Monohan* v. *Kenny,* 248 App. Div. 159; *Chaplin* v. *Selznick,* 186 Misc. 66, 293 N. Y. 529.)

*Frank G. Raichle* for respondents. I. Appellants violated their fiduciary duties. II. The absence of March Gold, Inc., is not fatal to the judgment. (*Cohen* v. *Dana,* 287 N. Y. 405; *Norman* v. *General American Transportation Corp.,* 181 Misc. 233, 267 App. Div. 758.)

*Per Curiam.* This stockholders' derivative action against directors of a Delaware corporation was commenced after the corporation had been dissolved for nonpayment of taxes; although temporarily revived during part of the time during which the present action was in progress, the corporation thereafter forfeited its charter for a second time, and it is not now, and for some time has not been, a body corporate. The evidence clearly establishes defendants' breach of their duty as directors. The sole question of consequence upon this appeal is whether the dissolved corporation is an indispensable party and whether its absence as a party defendant is fatal to the judgment rendered.

The technical argument made by appellants disregards realities and should not prevail. It has been recognized that the court may dispense with the presence of a defunct corporation

in a derivative action, if the circumstances warrant such exercise of its equitable powers. (*Cohen* v. *Dana,* 287 N. Y. 405, 410–411; *Norman* v. *General American Transportation Corp.,* 181 Misc. 233, affd. 267 App. Div. 758; *O'Brien* v. *O'Brien,* 238 Mass. 403; 13 Fletcher on Corporations, § 5997.) Such circumstances are here present. As observed by the learned referee, the defendant directors dominated and controlled the board; they were residents of New York; the corporation's business was done here; and, as provided by the by-laws and authorized by the certificate of incorporation, the corporate meetings were held in this State. Beyond that, the fictitious corporate person disappeared upon dissolution, and whatever assets it might have had at that time belonged thereafter, in equity at least, to the stockholders who are thus the equitable owners of this claim against defendants. Hence, as the referee remarked, "the presence of a representative of the artificial person would add no material element to the litigation."

Nor is there danger of double liability against defendant directors, for the judgment herein provides for the appointment of a receiver "to distribute * * * among the persons entitled thereto" all payments "on the judgment rendered herein against the said defendants". Express sanction for that procedure is to be found in section 977-b of the Civil Practice Act. The procedure adopted not only achieved the purpose of the statute, but satisfied the reasonable requirements of the case.

When this action was commenced, there was no corporation in existence, either by statutory provision for continuation after dissolution, or otherwise. Being a nonentity, therefore, the defunct corporation could not be made either party plaintiff or defendant. Its subsequent resuscitation for some purpose — which is nowhere clearly described — was not such a rebirth for all purposes as should defeat a meritorious cause of action commenced in compliance with logical procedure.

The judgment should be affirmed, with costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER, DYE and FULD, JJ., concur.

Judgment affirmed.