CLARENCE CARRUTHERS, Appellant, *v.* JACK WAITE MINING COMPANY, Defendant, and AMERICAN SMELTING AND REFINING COMPANY, Respondent.

Argued October 15, 1953; decided December 3, 1953.

*Samuel Masia* and *Archibald Palmer* for appellant. I. Defendant mining company is not an indispensable party to the instant stockholder's derivative action. (*Cohen* v. *Dana,* 287 N. Y. 405; *Weinert* v. *Kinkel,* 296 N. Y. 151.) II. Defendant mining company is a conditionally necessary party and being such its joinder is not necessary.

*Abraham M. Lowenthal* and *Leon G. Telsey* for respondent. I. Defendant mining company is an indispensable party to a stockholder's derivative action in its behalf. (*Brock* v. *Poor,* 216 N. Y. 387; *Flynn* v. *Brooklyn City R. R. Co.,* 158 N. Y. 493; *Brinckerhoff* v. *Bostwick,* 88 N. Y. 52; *Doctor* v. *Harrington,* 196 U. S. 579; *New Jersey Central R. R. Co.* v. *Mills,* 113 U. S. 249; *Pennoyer* v. *Neff,* 95 U. S. 714; *Hanna* v. *Stedman,* 230 N. Y. 326; *Matter of Burge* [*Oceanic Trading Co.*], 282 App. Div. 219; *Bullowa* v. *Provident Life & Trust Co.,* 125 App. Div. 545; *Hyams* v. *Old Dominion Co.,* 204 F. 681; *Greaves* v. *Gouge,* 69 N. Y. 154; *Norman* v. *General Amer. Transp. Corp.,* 181

Misc. 233, 267 App. Div. 758.) II. There is no justification in the instant case for any exception to the general rule that defendant mining company is an indispensable party. (*Freeman* v. *Bean,* 243 App. Div. 503, 266 N. Y. 657; *Goldberg* v. *Emanuel,* 166 Misc. 610, 254 App. Div. 556; *Cohen* v. *Dana,* 287 N. Y. 405; *Weinert* v. *Kinkel,* 296 N. Y. 151; *McClean* v. *Bradley,* 282 F. 1011; *Philipbar* v. *Derby,* 85 F. 2d 27; *Czarnikow-Rionda Co.* v. *Federal Sugar Refining Co.,* 255 N. Y. 33; *Kerr S. S. Co.* v. *Radio Corp. of America,* 245 N. Y. 284.) III. Continuance of this action without the presence of defendant mining company is not authorized by the Civil Practice Act. IV. The dismissal of the complaint against respondent by reason of failure to obtain jurisdiction over defendant mining company does not prejudice appellant. (*Matter of Burge* [*Oceanic Trading Co.*], 282 App. Div. 219.)

FROESSEL, J. Plaintiff-appellant is a stockholder of the Jack Waite Mining Company (hereinafter called Waite), an Arizona corporation with its main office in Phoenix, Arizona, and a mailing address at P. O. Box 1832, Seattle, Washington. Waite is a mining company producing lead, silver and zinc, with mining property located in the State of Idaho and extending into Montana. Defendant American Smelting and Refining Company (hereinafter called American) is a New Jersey corporation with general offices at 120 Broadway, New York City. Among other activities kindred to mining, it leased and managed mining properties for others.

Plaintiff instituted this stockholder's derivative action on behalf of Waite, naming said company and American as defendants. The complaint alleges in substance the following facts: That on May 4, 1934, Waite and American entered into an agreement whereby American agreed to operate Waite's mine for forty years upon the basis of a division of net profits; that American took possession of Waite's mining property pursuant to the agreement; that American not only failed to perform all the terms and conditions of the agreement but also operated Waite's property in a manner beneficial to American and damaging to Waite; that the officers and directors of Waite '' failed, neglected and refused '' to protect the interests of Waite and participated in the wrongs complained of; that no demand has

been made upon the directors of Waite to bring this action since such demand would be futile; and that the agreement provided for the litigation of any disagreement in connection therewith in the State or Federal courts sitting in New York County, to the exclusion of any other courts, and that it be construed in accordance with New York law. The complaint demanded an accounting by American, that American be restrained from continuing to operate Waite's mining property " solely as a hedge for American's benefit ", that it " be required to perform specifically " the agreement, and finally " cancellation " of the agreement.

Plaintiff commenced this action by service of two copies of the summons and complaint upon an officer of American. He relied upon the afore-mentioned service as constituting service upon Waite on the theory that American is Waite's managing agent. No other attempt was made to effect service upon Waite. Waite appeared specially and moved to vacate the service as to itself upon the ground that it was not subject to the jurisdiction of the Supreme Court, New York County. Waite's motion was granted, thereby nullifying the purported service upon it.

At or about the same time, American moved for an order, purportedly pursuant to section 193 of the Civil Practice Act and rule 102 of the Rules of Civil Practice, dismissing the complaint for nonjoinder of Waite as an " indispensable party " defendant, " by failure to obtain jurisdiction " over it, or, in the alternative, staying all proceedings until jurisdiction has been obtained over Waite. Special Term denied American's motion, holding that Waite " is a mere ' conditionally necessary party,' whose presence under the provisions of Section 193 of the Civil Practice Act may be dispensed with because jurisdiction over said corporation may be obtained by this Court only through its consent or voluntary appearance ".

Upon appeal, the Appellate Division, First Department, unanimously reversed and granted the motion, stating briefly that " On all the circumstances disclosed, there is no basis in fact for departing from the usual rule that a corporation, in whose right and on whose behalf a stockholder's suit is brought, is a necessary party defendant." (281 App. Div. 956.) On this appeal, plaintiff contends solely that Waite is not an indis-

pensable party but rather a conditionally necessary party whose joinder may be dispensed with.

The cause of action known as a stockholder's derivative action *belongs to the corporation* and not to the stockholders individually or collectively (*Clarke* v. *Greenberg,* 296 N. Y. 146; *Teich* v. *Lawrence,* 291 N. Y. 245; *Holmes* v. *Camp,* 180 App. Div. 409; *Chaplin* v. *Selznick,* 186 Misc. 66). The stockholder is a mere nominal plaintiff — an instigator of the action on behalf of the corporation (*Chaplin* v. *Selznick,* 293 N. Y. 529, 532). Any recovery in such an action must run in favor of the corporation (*Isaac* v. *Marcus,* 258 N. Y. 257, 264). Accordingly, it has been held time and again, alike by the courts of this State and the Federal courts — and the treatise writers are in accord — that an *existing* corporation is an indispensable party to a stockholder's derivative action (*Cunningham* v. *Pell,* 5 Paige Ch. 606; *Greaves* v. *Gouge,* 69 N. Y. 154; *Mulligan* v. *Mulligan,* 270 App. Div. 836; *Marco* v. *Sachs,* 201 Misc. 928; *Norman* v. *General Amer. Transp. Corp.,* 181 Misc. 233, affd. 267 App. Div. 758; *Druckerman* v. *Harbord,* 174 Misc. 1077; *King* v. *Wall & Beaver St. Corp.,* 145 F. 2d 377; *Greenberg* v. *Giannini,* 140 F. 2d 550; 4 Pomeroy on Equity Jurisprudence [5th ed.], § 1095, pp. 277–278; 13 Fletcher's Cyclopedia Corporations, § 5997, p. 373 *et seq.;* 6 Thompson on Corporations [3d ed.], § 4650, p. 546 *et seq.;* see *Price* v. *Gurney,* 324 U. S. 100, 105).

We agree with the Appellate Division that Waite, a functioning corporation, is a " necessary " [*sic*], in the sense of an indispensable, party to a stockholder's derivative action brought on its behalf. Plaintiff brought this action against Waite's will, alleging that it was futile to make a demand of its directors. Among other things, he seeks an accounting, as well as cancellation of the operating agreement between Waite and American. Waite cannot be bound unless it is a party, and American is entitled to a judgment, whatever its form may ultimately be, which will bind Waite. Waite is a live, active corporation — not defunct or dissolved — and is amenable to process in the Federal courts in New York County (U. S. Code, tit. 28, §§ 1332, 1401, 1695).

The cases of *Cohen* v. *Dana* (287 N. Y. 405) and *Weinert* v. *Kinkel* (296 N. Y. 151) are not controlling here. In the *Cohen*

case, we held that the complaint was improperly dismissed inasmuch as plaintiff stockholder should have been given full opportunity to petition the Delaware courts to direct the Delaware corporation, in whose behalf the action was instituted, to enter an appearance, or for some other form of relief. We expressly stated in that case that this court was not passing on whether the Delaware corporation was an indispensable party to the litigation. Nor is the *Weinert* case apposite herein. In that case we merely held that a *defunct* corporation, being a nonentity, was not an indispensable party to a stockholder's derivative action.

Since Waite is clearly an indispensable party in this litigation, the complaint should not have been dismissed. Section 192 of the Civil Practice Act, as amended in 1946, prescribes that " No action or special proceeding shall be defeated by the nonjoinder or misjoinder of parties *except as provided in section one hundred ninety-three.*" (Matter italicized added by amendment.) Section 193, as amended the same year, defines an indispensable party and a conditionally necessary party and then provides: "2. When it appears that an indispensable party has not been joined, the court *shall order* such party brought in. *If a party fails or neglects to bring in an indispensable party after a reasonable period granted to him to do so,* the court shall dismiss the action without prejudice." (Italics supplied.) As thus amended, subdivision 2 of section 193 solved the question left open by this court in *Cohen* v. *Dana* (*supra*) as to whether an action could be dismissed for nonjoinder of a party in spite of section 192 which at the time of that decision merely provided that " No action or special proceeding shall be defeated by the nonjoinder or misjoinder of parties ". It provided in express terms the procedure to be followed before a dismissal could be had, and in nowise authorized objection to nonjoinder of a party by *a motion to dismiss* in the *first instance.*

Moreover, rule 102 of the Rules of Civil Practice, as also amended in 1946, implementing sections 192 and 193, expressly requires that an objection of nonjoinder " be raised by a motion to add  *  *  *  parties ". The language of rule 102 is mandatory, and provides the exclusive manner in which an objection of nonjoinder may be raised (*City of New York* v. *Draper,*

201 Misc. 957; *Motyka* v. *Motyka,* 113 N. Y. S. 2d 892). Indeed, the 1946 amendment to rule 102 did no more than to codify the prior decisions that the objection of nonjoinder may be raised only by a motion to *add* under rule 102 (*Spaulding* v. *First Nat. Bank,* 210 App. Div. 216, affd. 239 N. Y. 586; *Pickhardt* v. *First Nat. Bank & Trust Co.,* 266 App. Div. 781; *Sabol* v. *Frost,* 217 App. Div. 254, 255; *Friedman* v. *Board of Educ. of City of New York,* 256 App. Div. 318, affd. 280 N. Y. 829; *Kline* v. *275 Madison Ave. Corp.,* 149 Misc. 747; Twelfth Annual Report of N. Y. Judicial Council, 1946, pp. 188–190). Thus nonjoinder of an indispensable party is not a ground for dismissal of a complaint in the first instance. Rather, the party complaining of the nonjoinder must initially move for the addition of such party, " even though the ultimate relief granted upon such motion may be dismissal of the complaint * * * without prejudice " (Twelfth Annual Report of N. Y. Judicial Council, 1946, pp. 189, 170–171; *Wolff* v. *Brontown Realty Corp.,* 281 App. Div. 752). It is apparent therefore that American's motion to dismiss the complaint herein on the ground of nonjoinder of Waite, an indispensable party, was clearly premature.

While Waite is a foreign corporation not subject to service of process in New York, and which has refused to appear voluntarily in the action, in consequence of which an order directing plaintiff to join Waite would appear to be futile, we are nevertheless bound by the procedure clearly enunciated by the Legislature in sections 192 and 193 of the Civil Practice Act and as implemented by rule 102 of the Rules of Civil Practice. To create an exception in the present case because of its particular circumstances would merely constitute judicial legislation in a field where the Legislature has acted, and would only tend to confuse the bench and bar as to a method of procedure which the Legislature has now made clear.

The judgment of the Appellate Division should be reversed, with costs in this court and in the Appellate Division, and the matter remitted to Special Term for further proceedings in accordance with this opinion, without prejudice to an appropriate motion under rule 102 of the Rules of Civil Practice.

Lewis, Ch. J., Conway, Desmond, Dye and Fuld, JJ., concur; Van Voorhis, J., taking no part.

Judgment reversed, etc.