BETTY PRESBERG, as Receiver in Sequestration of the Property of CY PRESBERG, Plaintiff, *v.* CY PRESBERG et al., Defendants.

Supreme Court, Special Term, Bronx County, March 1, 1954.

*Mark L. Giller* for defendants.

*Mathias Naphtali* for plaintiff.

MATTHEW M. LEVY, J. This is a motion by the defendants to compel the plaintiff to bring in one Kwart as an indispensable party. The plaintiff resists granting the relief requested upon the grounds that the application is dilatory merely (the defendants not having raised the issue of nonjoinder until the cause was ready for trial on the day calendar), that Kwart is a nonresident and as such no jurisdiction can be obtained over him in this court unless he voluntarily submits, and finally that he is not an indispensable party.

I shall not pass upon the matter of the defendants' alleged laches, and the effect, if any, that that may have upon a motion of this character. The plaintiff's objection that Kwart's nonresidence precludes the granting of this motion is overruled. If Kwart is truly '' indispensable '' —as that term is used in the statute (Civ. Prac. Act., § 193, subd. 1) — he should be brought in as a party notwithstanding his absence from the jurisdiction and the effect of his unavailability upon the plaintiff's suit. As was said just recently by the Court of Appeals in *Carruthers* v. *Waite Mining Co.* (306 N. Y. 136, 142) : '' While Waite is a foreign corporation not subject to service of process in New York, and which has refused to appear voluntarily in the action, in consequence of which an order directing plaintiff to join Waite would appear to be futile, we are nevertheless bound by the procedure clearly enunciated by the Legislature in sections 192 and 193 of the Civil Practice Act and as implemented by rule 102 of the Rules of Civil Practice. To create an exception in the present case because of its particular circumstances would merely constitute judicial legislation in a field where the Legislature has acted, and would only tend to confuse the bench and bar as to a method of procedure which the Legislature has now made clear.'' If, on the other hand, Kwart is not really '' indispensable '', but merely a '' conditionally necessary '' party, the fact that he is without the jurisdiction of the court or that jurisdiction over him cannot be secured without undue delay is quite material (Twelfth Annual Report of N. Y. Judicial Council, 1946, pp. 45, 179).

As to whether in any particular case one is an "indispensable" party as distinguished from a "conditionally necessary" party is not always easily resolved. It depends generally upon the nature of the action and upon the nature of the judgment demanded in the complaint. In the present case, I am of the view that the problem is quite simple. The action is one in equity, instituted by a receiver in sequestration for several items of relief — that the indebtedness due from the corporate defendant to the individual defendant be ascertained and that the corporation be directed to pay the amount thereof to the plaintiff, that the individual defendant be adjudged the beneficial owner of the corporate stock by reason of his ownership thereof, and that plaintiff be adjudged the sole person entitled to vote the shares of stock as such beneficial owner. The defendants claim that the stock was pledged to Kwart, and in consequence it is asserted by the defendants that no adjudication in this case will be final or capable of being carried out by them unless Kwart is brought into the action so that his interest in the stock may be determined.

It seems clear to me that the objection of the present defendants to going to trial without having Kwart as an added defendant is entirely without merit. The action seeks no relief as against Kwart. All the relief to which the plaintiff is entitled can be given without having Kwart in the action. If Kwart has a lien or any rights to the stock or in the corporation, that will undoubtedly be brought out at the trial, and the court will adjudicate just what the plaintiff as receiver of the property of the individual defendant is entitled to obtain. This can be done without Kwart being a party.

The motion is denied.