[L. A. No. 24415.   In Bank.   Apr. 12, 1957.]

HOYT REED, Appellant, v. CARL O. NORMAN et al., Respondents.

Hy Schwartz for Appellant.

John E. Haskins, in pro. per., and Raymond R. Roberts for Respondents.

CARTER, J.—This litigation has been here before. It is an action commenced in 1950 by plaintiff, a stockholder in Norman Decorating Company, Inc., a corporation, against the corporation and Carl Norman, another stockholder, the main defendants, to contest the validity of an election of corporate directors including Norman, to void shares issued to Norman and obtain an accounting of corporate funds alleged to have been dissipated by Norman. Judgments against plaintiff were reversed on appeal, this court stating that the election of directors was illegal, Norman having only 150 shares of the 500 shares whose issue was authorized. The accounting by Norman for corporate assets was left for future determination. (*Reed* v. *Norman*, 41 Cal.2d 17 [256 P.2d 930]; *Reed* v. *Norman*, 41 Cal.2d 901 [256 P.2d 933].) Since then a further determination has been made. The trial court sustained defendants' objection to the introduction of any evidence on the ground that the complaint, amended complaint and supplemental complaint failed to state a cause of action and judgment was entered that plaintiff recover nothing and defendants ''be discharged.'' Plaintiff now appeals from that judgment. On the retrial resulting in the instant judgment, it appears, and no real dispute on the subject seems to exist, that the action is a derivative action by plaintiff, a stockholder of the corporation, Norman Decorating Company, for a wrong to the corporation, the dissipation by defendant directors and officers of the corporate assets (see *Gagnon Co., Inc.* v. *Nevada Desert Inn, Inc.*, 45 Cal.2d 448 [289 P.2d 466]; *Sutter* v. *General Petroleum Corp.*, 28 Cal.2d 525 [170 P.2d 898, 167 A.L.R.

271]; *Klopstock* v. *Superior Court,* 17 Cal.2d 13 [108 P.2d 906, 135 A.L.R. 318]). The theory of the trial court in rendering the judgment now on appeal was that the action being derivative, plaintiff was not entitled to recover because he failed to show compliance with section 834 of the Corporations Code.*

Norman has moved to dismiss plaintiff's appeal on the ground that it cannot be maintained because (1) plaintiff no longer owns any stock in the corporation, (2) there is no showing of a compliance by plaintiff with section 834 of the Corporations Code, *supra,* and (3) on January 4, 1952, the corporation's right to engage in litigation was suspended for failure to pay the state franchise tax under section 23301 of the Revenue and Taxation Code.†

■ With reference to plaintiff no longer being the owner of any stock, it is urged that he lost his stock at execution

---

*"(a) No action may be instituted or maintained in the right of any domestic or foreign corporation by the holder or holders of shares, or of voting trust certificates representing shares, of such corporation unless both of the following conditions exist:

"(1) The plaintiff alleges in the complaint that he was a registered shareholder or the holder of voting trust certificates at the time of the transaction or any part thereof of which he complains or that his shares or voting trust certificates thereafter devolved upon him by operation of law from a holder who was a holder at the time of the transaction or any part thereof complained of.

"(2) The plaintiff alleges in the complaint with particularity his efforts to secure from the board of directors such action as he desires and alleges further that he has either informed the corporation or such board of directors in writing of the ultimate facts of each cause of action against each defendant director or delivered to the corporation or such board of directors a true copy of the complaint which he proposes to file, and the reasons for his failure to obtain such action or the reasons for not making such effort.

"(b) In any such action, at any time within thirty days after service of summons upon the corporation or any defendant, the corporation or such defendant may move the court for an order, upon notice and hearing, requiring the plaintiff to furnish security as hereinafter provided. Such motion may be based upon one or more of the following grounds:

"(1) That there is no reasonable probability that the prosecution of the cause of action alleged in the complaint against the moving party will benefit the corporation or its security holders;

"(2) That the moving party, if other than the corporation, did not participate in the transaction complained of in any capacity.

"The court on application of the corporation or any defendant may, for good cause shown, extend such 30-day period for an additional period or periods not exceeding sixty days." (Corp. Code, § 834; *Hogan* v. *Ingold,* 38 Cal.2d 802 [243 P.2d 1, 32 A.L.R.2d 834].)

†Except for the purpose of amending articles of incorporation for a new name the "corporate powers, rights and privileges . . . shall be suspended" for failure to pay the franchise tax. (Rev. & Tax. Code, § 23301.)

sale after the judgment from which the appeal is taken. The theory is that the question of his right to recover for the corporation is moot because by reason of his no longer holding stock he no longer has any interest in the corporation or any recovery by it. Defendant Norman in his affidavit in support of the motion to dismiss the appeal states that on April 4, 1956, plaintiff Reed's stock was sold under a writ of execution to a Marlow Baar and since then plaintiff has not been a stockholder. He attaches to his notice of motion an exhibit entitled ''Certificate of Sale'' by a marshal, but it states therein that all of *Norman's* stock (rather than plaintiff's) was sold to Baar. Norman has offered to have that certificate corrected. Apparently the writ was issued pending the instant appeal on that part of the judgment on appeal which awarded $3,768.10 costs against plaintiff and in favor of the corporation, Norman, and another defendant. Plaintiff in his notice of appeal filed March 13, 1956, lists the order taxing costs and denying plaintiff's motion to strike costs, but those orders do not appear in the record and plaintiff has made no request to augment the record. Plaintiff in his opposition to the motion to dismiss the appeal claims that the sale was invalid because proper notice was not given the corporation and that he has the rights of Baar, the purchaser at the execution sale. Plaintiff's uncontradicted affidavit states that the bid of Baar, the execution purchaser, was ''for and on account of'' plaintiff ''and that any rights or any interest in said shares [sold at execution] by reason of said bid is for the benefit of'' plaintiff ''and that he is the beneficial owner of any such interest and rights.'' It is thus clear that plaintiff has not lost his title to the stock and hence the motion to dismiss is not sustainable on that ground. For that reason we need not and do not pass upon the validity of the sale or whether, if valid, it would render the appeal moot.

As to the question of failure to comply with section 834 of the Corporations Code, *supra,* the case falls within the general rule that the merits of a case should not be considered on a motion to dismiss the appeal; it should be determined on the appeal itself. (*Estate of Wunderle,* 30 Cal.2d 274 [181 P.2d 874], and cases cited.) It is true that section 834 states that no action shall be ''instituted or maintained'' unless certain conditions exist and the complaint must show whether or not those conditions exist. A finding that they do not may result in a dismissal of the action, and a judgment based upon such a finding is on the merits of that phase of the case

and is reviewable on appeal the same as any other judgment of dismissal. The question is whether the trial court was correct in determining by its judgment that they did not exist.

On the issue of suspension of the corporation for failure to pay franchise tax, it is true that under the corporation law (Rev. & Tax. Code, §§ 23301, 23302, *supra*) the corporation may not prosecute or defend an action, nor appeal from an adverse judgment in an action while its corporate rights are suspended for failure to pay taxes (*Boyle* v. *Lakeview Creamery Co.*, 9 Cal.2d 16 [68 P.2d 968]; *Ocean Park etc. Co.* v. *Pacific Auto Park Co.*, 37 Cal.App.2d 158 [98 P.2d 1068]; *Baker* v. *Ferrel*, 78 Cal.App.2d 578 [177 P.2d 973]; *Fidelity Metals Corp.* v. *Risley*, 77 Cal.App.2d 377 [175 P.2d 592]), and, generally, in a derivative action the wrong is "to the corporation as such and not the stockholders individually, hence a bar to an action by the stockholders for the corporation." (*Gagnon Co., Inc.* v. *Nevada Desert Inn, Inc., supra*, 45 Cal.2d 448, 453.) But here, in a stockholders' derivative action, the corporation is forced to be a party because any recovery goes through the corporate channel and thus enhances the stockholders' interest therein. The corporation is not attempting to exercise its rights as a corporation. It is being used as a necessary channel by the shareholders. The books and records of the corporation are in the hands of the mismanaging officers according to plaintiff's complaints and thus the shareholders are not in a position to make a return or compute the franchise tax. In such a case it is not equitable to permit section 23301 of the Revenue and Taxation Code to stand as a shield for protecting allegedly dishonest corporate officials. The corporation is not enjoying any of the privileges accorded to such entities; it is more analogous to the winding up of the business. In *Weinert* v. *Kinkel*, 296 N.Y. 151 [71 N.E.2d 445, 446], the stockholders' derivative action was for breach of fiduciary duty of directors to the corporation. The action was commenced after the corporation had been "dissolved for nonpayment of taxes," yet the court held the corporation was not an indispensable party, stating: "The technical argument made by appellants disregards realities and should not prevail. It has been recognized that the court may dispense with the presence of a defunct corporation in a derivative action, if the circumstances warrant such exercise of its equitable powers. *Cohen* v. *Dana*, 287 N.Y. 405, 410, 411 [40 N.E.2d 227, 230]; *Norman* v. *General American Transp. Corp.*, 181 Misc. 233 [47 N.Y.S.2d 390], affirmed 267 App.

Div. 758 [45 N.Y.S.2d 929]; *O'Brien* v. *O'Brien,* 238 Mass. 403 [131 N.E. 177]; 13 Fletcher on Corporations, § 5997. Such circumstances are here present. As observed by the learned referee, the defendant directors dominated and controlled the board; they were residents of New York; the corporation's business was done here; and, as provided by the by-laws and authorized by the certificate of incorporation, the corporate meetings were held in this State. Beyond that, the fictitious corporate person disappeared upon dissolution, and whatever assets it might have had at that time belonged thereafter, in equity at least, to the stockholders who are thus the equitable owners of this claim against defendants. Hence, as the referee remarked, 'the presence of a representative of the artificial person would add no material element to the litigation.' " (See *Carruthers* v. *Jack Waite Mining Co.,* 306 N.Y. 136 [116 N.E.2d 286]; 172 A.L.R. 691.) *Smith* v. *Lewis,* 211 Cal. 294 [295 P. 37], states a contrary rule but there it does not appear that the records and books of the corporation were in the hands of the defaulting corporate officers and unavailable to the shareholder.

■ For another reason the appeal should not be dismissed on the last mentioned ground. Although the corporation was suspended for nonpayment of taxes January 4, 1952, the former appeal was decided on May 12, 1953, and the judgment herein was entered on January 24, 1956, defendants have at no time until the present motion to dismiss the appeal made any claim that the action could not proceed because of the suspension and it appears that the records and books of the corporation have been retained by defendants. It would thus seem that plaintiff, even assuming he could not maintain the action because of the suspension, should be given an opportunity of paying the taxes and reinstating the corporation.*

■ Under the holding in the former decisions in this case (41 Cal.2d 17; 41 Cal.2d 901) Norman was the legal owner

---

*"'Any taxpayer which has suffered the suspension or forfeiture provided for in Section 23301 may be relieved therefrom upon making application therefore in writing to the Franchise Tax Board and upon payment of the tax and the interest and penalties for nonpayment of which the suspension or forfeiture occurred, together with all other taxes, deficiencies, interest and penalties due under this part, and upon the issuance by the Franchise Tax Board of a certificate of revivor. Application for such certificate on behalf of any domestic bank or corporation which has suffered such suspension may be made by any stockholder or creditor or by a majority of the surviving trustees or directors thereof; application for such certificate may be made by any foreign bank or corporation which has suffered such forfeiture or by any stockholder or creditor thereof." (Rev. & Tax. Code, § 23305.)

of only 150 shares of the corporation here involved and Reed was the legal owner of 245 shares (41 Cal.2d 17). By virtue of this situation Norman now contends that Reed could have assumed control of the corporation and has no right to bring a derivative action (see *Jones* v. *Re-Mine Oil Co.*, 47 Cal.App. 2d 832 [119 P.2d 219]) but this contention may not now be considered as it does not appear that plaintiff has assumed control of the corporation and he alleges that the defendants have control of all the books and records of the corporation. Although he may own the majority of the stock by reason of the holding above mentioned, he has alleged and maintained throughout this litigation that Norman has assumed complete control and management of the business of the corporation to the exclusion of plaintiff. That is a matter that should be addressed to the trial court; it may not appropriately be considered on a motion to dismiss the appeal.

For the foregoing reasons the motion to dismiss the appeal is denied.

Gibson, C. J., Shenk, J., Traynor, J., Schauer, J., Spence, J., and McComb, J., concurred.