Aron Steuer, J.
The suit, in form, is a stockholder’s derivative action. The corporation has not been joined as a party and defendants move to require plaintiffs to join it and to stay proceedings until they do. The corporation is ordinarily a necessary party and the relief asked for is appropriate (Carruthers v. Waite Mining Co., 306 N. Y. 136). However the corporation was a Florida corporation and it has been dissolved by court order in Florida. It is not necessary to join a defunct corporation (Weinert v. Kinkel, 296 N. Y. 151). Defendants argue that the corporation is not defunct because the Florida law provides that a dissolved corporation continues its entity for the purpose of suit for a period of five years.
This question has been raised before. In the Weinert case {supra) the record was not entirely clear but the court deemed the corporation completely defunct despite a Delaware statute of similar import. In Cohen v. Dana (287 N. Y. 405) the question was not directly passed upon as the relief granted below was held improper in any event. It is however intimated that where as here the parties before the court comprise the persons who would be the corporate representatives (plaintiffs and defendants here include all the stockholders, the officers and three of the four directors at the time of dissolution) that a court of equity can make adequate provision for the de facto representation of the corporation. In view of this the motion is denied.