161 A.2d 576 (1960)
Lester K. STRIKER, Plaintiff,
v.
Louis CHESLER, George Gardiner, Maxwell Goldhar, M. Mac Schwebel, Lloyd Frank, J. Bradley Streit, J. H. Buchanan, Max Orovitz, J. A. Hackett, Erskine R. E. Carter, Hubert E. Howard, Dan B. Ruskin, R. C. Faber, John Addison, Associated Artists Production Corp., Universal Products Company, Inc., Donnell & Mudge Limited, Yellow-Knife Bear Mines, Limited, Florida Canada Corporation and Ridgeway Corporation, Defendants.
Court of Chancery of Delaware, New Castle.
June 7, 1960.
William E. Taylor, Jr., Wilmington, and Sidney L. Garwin, New York City, for plaintiff.
David F. Anderson, of Berl, Potter & Anderson, Wilmington, for defendants, Louis Chesler, Lloyd Frank and Maxwell Goldhar.
Aaron Finger, of Richards, Layton & Finger, Wilmington, for defendants, Florida *577 Canada Corp., Russell C. Faber, Hubert E. Howard, J. Bradley Streit and Joseph A. Hackett.
MARVEL, Vice Chancellor.
Plaintiff, who claims to be a stockholder of the defendant, Ridgeway Corporation, a Michigan corporation, filed this derivative action on behalf of such corporation on June 5, 1957. On June 27, 1957, Ridgeway Corporation was dissolved under Michigan law. The complaint charges that the other named defendants have improperly used the assets of Ridgeway for their own benefit, a use allegedly acquiesced in by an interested board of directors of Ridgeway, all of the members of which were at the times complained of also on the boards of one or more of the other corporate defendants. The complaint seeks an accounting and damages from such other defendants, the impressing of a trust for the benefit of Ridgeway against the assets of the defendants, Associated Artists Production Corporation (formerly P.R.M., Inc.), Universal Products Company, Inc., and Florida Canada Corporation, as well as other equitable relief including the dissolution of Ridgeway. The defendants, Chesler, Frank and Goldhar, have moved to dismiss the complaint for lack of jurisdiction on the grounds that Ridgeway Corporation, a nonresident which has not appeared and whose appearance herein apparently cannot be compelled, is a necessary party to a stockholder's derivative suit. A substantially similar motion has been filed by the defendants, Florida Canada Corporation, Faber, Howard, Streit and Hackett, which defendants also charge failure on plaintiff's part to comply with Rule 23(b) of this Court, Del.C.Ann. All of the above defendants as well as Associated Artists Productions Corp. and Universal Products Company, Inc. have also answered the complaint, denying any wrongdoing on their part in their dealings with Ridgeway.
It appears that at the time of the dissolution of Ridgeway Corporation the directors of such corporation were J. Bradley Streit, J.H. Buchanan, Max Orovitz, Joseph A. Hackett, Hubert E. Howard, Dan B. Ruskin and Russell C. Faber, who upon such dissolution became by operation of law trustees of the corporation. Of these seven, four, namely, Russell C. Faber, Hubert Howard, J. Bradley Streit and Joseph A. Hackett have entered their individual appearances in this action, following sequestration of their stock in the Delaware corporations named as defendants to this action.
Plaintiff contends that he is entitled to proceed to trial notwithstanding the nonappearance of Ridgeway Corporation because such dissolved corporation is in effect defunct. Plaintiff argues that under such circumstances the corporation, as such, may be disregarded and that he may properly seek relief against such corporation's former directors who have appeared as individuals in this proceeding as a result of sequestration process. Those defendants who have moved to dismiss answer such contention by pointing out that it is hornbook law that a corporation for whose benefit and in whose right a derivative action is brought is clearly a necessary party to such action and that if the corporation cannot be served the complaint must be dismissed, Fletcher, Cyclopedia Corporations, Vol. 13, § 5997, and Moore's Federal Practice, Vol. 3, p. 2174. The rationale of such rule of law is that if there has been a failure to serve the corporation for whose benefit a derivative action is brought, directors against whom a judgment might be entered in such an action would be subject to subsequent suits, the rights of the corporation, as such, not being concluded by any judgment to which it is not a party, Greenburg v. Giannini, 2 Cir., 140 F.2d 550, 152 A.L.R. 966.
Defendants submit, however, that Ridgeway being a defunct corporation still under the control of those charged with wrongful acts is not an indispensable party to a derivative action such as this, Cohen v. Dana, 287 N.Y. 405, 40 N.E.2d 227; *578 Norman v. General American Transportation Corp., 181 Misc. 233, 47 N.Y.S.2d 390; and Weinert v. Kinkel, 296 N.Y. 151, 71 N.E.2d 445, 172 A.L.R. 688.
Admittedly, where all the known assets of a dissolved corporation have been distributed, and it is truly civiliter mortuus thus placing a cause of action such as this directly in the hands of its stockholders, McClean v. Bradley, D.C., 282 F. 1011, and Gardiner v. Automatic Arms Co., D.C.N.Y., 275 F. 697, or where the corporate entity of the non-resident corporation can be shown to be a fiction or sham, Norman v. General American Transportation Corp., supra, there would seem to be no compelling reason for holding that the presence of such corporation in court is required for jurisdictional purposes. Here, however, not only was Ridgeway Corporation an undissolved corporation at the time this suit was filed, its corporate existence continuing after June 27, 1957 under Michigan law, General Corporation Law of Michigan §§ 450.74 through 450.75a, but it is also currently possessed of substantial assets. Furthermore, there is no doubt but that Ridgeway Corporation can be served with process, and it would be contrary to settled principles of law to permit service of process on it to be dispensed with in this forum solely because of a claimed inability to serve those charged with wrongdoing at the corporate domicile, Bogart v. Southern Pacific Co., 228 U.S. 137, 33 S.Ct. 497, 57 L.Ed. 768.
Turning to the precise problem at hand as it is presented in the papers before me, I do not think it is now possible to decide whether or not Ridgeway's presence in Court is required for jurisdictional purposes. No attempt apparently has been made to have an appropriate court at Ridgeway's domicile order its appearance here, nor has a receiver been appointed, Cohen v. Dana, supra, and Cohen v. Dana, Sup., 83 N.Y.S.2d 412 and 414. On the other hand, there is no concession that Ridgeway is dominated or controlled by its alleged wrongdoers or of other circumstances which would support a ruling that the presence of Ridgeway in this litigation is not a necessary ingredient to this Court's jurisdiction, Weinert v. Kinkel, supra [296 N.Y. 151, 71 N.E.2d 446]. Significantly, in the case last cited the New York Court of Appeals noted that the judgment affirmed by them provided for the appointment of a receiver "* * * to distribute * * * among the persons entitled thereto * *" all payments * * * "* * * on the judgment rendered herein against the said defendants * * *", thus eliminating the danger of double liability on the part of the defendant directors. In short, defendants' pending motions which question the jurisdiction of this Court to proceed further in this case in the absence of Ridgeway Corporation are clearly premature and cannot be unequivocably decided on the papers before me.
Finally, assuming but not deciding that the presence of Ridgeway is required in some form in order to give this Court jurisdiction of the matters complained of and that Ridgeway's directors in office immediately prior to its dissolution in their official capacity as trustees effectively represent such corporation under Michigan law, the mere presence in court of some of these directors as individuals against whom relief is sought cannot possibly serve as a basis for claiming jurisdiction over the dissolved corporation. Such defendants have appeared to defend themselves and not as corporate trustees, Perrine v. Pennroad Corporation, 19 Del.Ch. 368, 168 A. 196. This is not the type of case wherein it is merely sought to correct allegations as to the capacity in which a person who has been served is actually being sued.
On notice, an order will be entered denying the pending motions without prejudice insofar as they seek dismissal of this action on the grounds of lack of jurisdiction over the defendant, Ridgeway Corporation.