### McMASTERS v. ALLCUTT.

(Supreme Court, Appellate Division, Second Department. June 21, 1912.)

APPEAL AND ERROR (§ 956*)—JUDGMENT (§ 185*)—ANSWERING AFFIDAVITS—TIME—DISCRETION.

Under general rule of practice 37, the court has discretionary power on motion for an order directing judgment to permit answering affidavits in a proper case, though not served in the time limited by the moving party, and exercise of such discretion should not be interfered with, unless the substantial rights of the parties are affected.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3810; Dec. Dig. § 956;* Judgment, Cent. Dig. § 347; Dec. Dig. § 185.*]

Appeal from Special Term, Kings County.

Action by Hugh McMasters against Ralph T. Allcutt, individually and as trustee. From an order denying defendant's motion for a judgment conditionally, and from an order resettling that order and granting leave to plaintiff to file an answering affidavit nunc pro tunc, and allowing him five days in which to serve his complaint, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, WOODWARD, and RICH, JJ.

Robert Stewart, of Brooklyn, for appellant.

William C. Davis, of New York City, for respondent.

WOODWARD, J. This action is in replevin. The transactions between the parties are complex, and it does not appear necessary to incumber the books with a recital of them. A motion was made to dismiss a prior action in replevin, which motion was duly granted; the ground being a failure on the part of the plaintiff to prosecute the same. Immediately thereafter, and about the 14th day of December, 1911, the plaintiff verified an affidavit in replevin and caused the goods to be seized by the sheriff of Kings county, and the goods were taken into his custody, and he still holds the same. The only papers filed in the clerk's office in Kings county are this affidavit of the plaintiff, the requisition, undertaking, and the sheriff's return. No summons or complaint was filed. Defendant waited until the 3d day of January, 1912, when he caused a notice of appearance and demand herein to be served on plaintiff's attorney, and a demand likewise for the return of the goods and for damages as provided by the Code. Objection appears to have been made to the form of these notices, and on the 8th of January other notices were served. On the 18th

of April, 1912, no further papers having been served, a notice of motion for an order directing judgment in favor of defendant was duly served upon plaintiff's attorney, under rule 37 of the general rules of practice, and in that notice a demand was made that answering affidavits should be served not later than April 27, 1912. No answering affidavits were served. The motion for judgment was denied on condition that the complaint be served within five days. An order was duly entered, and thereafter plaintiff procured an order to show cause why the order should not be resettled to recite an affidavit verified by his attorney on April 29th, and why that affidavit should not be filed nunc pro tunc. This motion was granted. The defendant appeals from both orders.

We think under rule 37 that the court has discretionary power to permit answering affidavits in a proper case, even though not served within the time limited by the moving party, and, if this affidavit is properly before the court, there would seem to be no doubt that the court was justified in permitting the plaintiff to put in his complaint Matters of this character, going to the details of the practice, rest largely in the discretion of the court at Special Term, and ought not to be the subject of appeal, unless the substantial rights of the parties are affected. The plaintiff, generally speaking, has a right to a full opportunity to present his case to the court, and, where defects in the practice are explained in apparent good faith, the court is justified in refusing to direct a judgment.

The orders appealed from should be affirmed, with $10 costs and disbursements.

BURR, THOMAS, and RICH, JJ., concur. JENKS, P. J., not voting.