Birdie Amsterdam, J.
The defendant, Investors Mutual, Inc. (hereinafter called Mutual), appears specially herein, for the purpose of this motion, and moves for an order, pursuant to section 237-a of the Civil Practice Act, to set aside the service on it of the summons and complaint effected by the delivery thereof, on September 13, 1960, to one George J. Jordan, divisional sales manager of the codefendant, Investors Diversified Services, Inc.
Mutual seeks vacatur of the said service on the grounds that it is a foreign corporation not doing business in the State of New York and that Mr. Jordan was not authorized to receive service under section 229 of the Civil Practice Act. On April 1,1961, which is one day after the date of the submission of the instant motion to the court, the summons and complaint were again served by plaintiff upon Mutual. This time, the service was made upon Mutual’s director Charles T. Ireland, Jr. Mutual thereupon promptly moved to vacate that service. Upon Mutual’s request, and with the consent of the plaintiff, said motion has been referred to me because, like the present motion, it involved the identical issue whether Mutual is doing business in New York sufficient to make it amenable to our process here. By my decision in a companion motion filed simultaneously herewith (29 Misc 2d 962), I have denied Mutual’s motion to vacate the service upon Mutual by service upon its director, Mr. Ireland. The reasons and conclusions are therein stated at length and will not be repeated here.
Mutual’s present motion, therefore, to vacate the Jordan service, hereinabove referred to, remains for disposition. At the threshold, objection was interposed by Mutual to the court’s consideration of the answering affidavit submitted by plaintiff. It was argued by Mutual that plaintiff’s answering affidavit should be disregarded by the court because it was not served at least five days before the return date of the motion, as required by rule 64 of the Rules of Civil Practice. The papers before me reveal that this motion by Mutual was served as far back as October 3,1960, the motion being returnable on October 13, 1960; that the motion was repeatedly adjourned by the parties and finally submitted to this court on March 31, 1961. Plaintiff’s answering affidavit was served on March 30, 1961, *973 one day before. Mutual urges that this affidavit be disregarded as violative of rule 64. The parties are at odds whether plain tiff has sufficiently excused this delay. I am satisfied upon a review of the situation that good and sufficient cause is explained by plaintiff for the service of his answering affidavit. In view of the many adjournments of the motion, in view of the circumstances, and, in the discretion of the court, I feel it would manifestly be unfair to unduly protract the technical objection interposed by Mutual. It overshadows the real, material, serious issues presented. In this view, the application of rule 64 is not absolute (McMasters v. Allcutt, 151 App. Div. 559), and I am, therefore, inclined to indulge respective counsel and to accept all their affidavits and memoranda herein and consider all the papers upon the merits. In addition, upon the companion motion addressed to the Ireland service, Mutual has submitted reply affidavits and a reply brief dealing extensively with the Jordan service. I permit these papers to be read and considered in support of the instant motion.
Coming now to the merits of this motion, two issues are presented. The first is whether Mutual, the moving defendant is doing business in New York to such extent as to subject it to service of process here. In my companion decision (29 Misc 2d 962) on the Ireland service, I have determined this issue in the affirmative. The other issue concerns Mr. Jordan’s authority to receive process on behalf of Mutual. This issue is sharply disputed, but, since I am of the ultimate opinion, and have so decided, that the Ireland service is valid, the issue therefore of the validity of the Jordan service has become moot. Mutual contends that an order setting aside the Jordan service would determine that the action was not instituted against Mutual, an indispensable party, until April 1, 1961. I cannot see, and Mutual does not say, what difference the date of joinder makes. If the claims alleged in the complaint were directed against Mutual, then the date of service might possibly have a bearing on the Statute of Limitations. But since this is a stockholder’s action brought on behalf of Mutual, the cause of action obviously belongs to Mutual and any recovery herein must run in its favor (Carruthers v. Jack Waite Min. Co., 306 N. Y. 136, 140). Mutual thus would have no reason to invoke the Statute of Limitations.
Accordingly, Mutual’s motion to set aside the Jordan service is hereby denied as moot. However, since the Ireland service is sustained, Mutual may answer the complaint within 20 days from the date of service of a copy of this decision and order with notice of entry.