Matthew M. Levy, J.
This is a consolidated stockholder’s derivative action with Clinton Engines Corporation, a Michigan company, the beneficiary of the suit and a named .defendant therein. Three motions have been made (one by Clinton and the others by separate defendants) to dismiss the complaint because of lack of .jurisdiction of this court, over the person of this corporate defendant. Invoking CPLR 320 (subd. [b]) and 3211 (subd. [a], par. 8), Clinton itself moves to dismiss “ on the ground that the summons was never served upon, and the court *689 has no jurisdiction of, the person of this defendant ”. Some defendants have moved in pursuance of CPLR 1001, for ‘ ‘ judgment dismissing the complaint, upon the ground that Clinton Engines Corporation, a necessary and indispensable party to this action has not been served with the Summons and Complaint in this action, and thus is not joined herein and that this court should not proceed in its absence ’ The third motion, based upon CPLR 3211 (subd. [a], pars. 8, 10) is “ for judgment dismissing the complaint upon the ground that this Court does not have jurisdiction of the defendant [Clinton], and that said defendant should be a party defendant in this action and that this court should not proceed in its absence ”.
Clinton is, of course, an indispensable party (Carruthers v. Waite Min. Co., 306 N. Y. 136) and thus it is that, at the very outset, I am confronted with the question (not projected by counsel) as to whether the procedure under the now defunct Civil Practice Act, as outlined and determined in Garruthers is applicable today under the new Civil Practice Law and Rules.
In the Garruthers case (which was instituted and the issues here relevant determined at the time that the Civil Practice Act was in effect), the action was a stockholder’s derivative one, in which the corporation involved, named as a defendant, was a foreign entity. Plaintiff claimed that service of process in this court had been duly effected. The corporation appeared specially and moved to vacate the service upon the ground that it was not subject to the jurisdiction of the court. The motion was granted, thus nullifying the purported service upon the corporation. At or about the same time, another defendant moved (Civ. Prac. Act, § 193; Rules Civ. Prac., rule 102) to dismiss the complaint for nonjoinder of the corporation as an “indispensable party” defendant “by failure to obtain jurisdiction” over it, or, in the alternative, to stay all proceedings until jurisdiction had been obtained. The Court of Appeals held ‘ ‘ that an existing corporation is an indispensable party to a stockholder’s derivative action” (p. 140; emphasis omitted) but, rather than that the complaint should be dismissed in the first instance (p. 141), “ the party complaining of the.nonjoinder must initially move for the addition of such [indispensable] party, ‘ ev'en though the ultimate relief granted upon such motion may be dismissal of the complaint * * * without prejudice ’ ” (p. 142).
Whether this initial motion (specified by the Court of Appeals in Carruthers) is still required under our new civil procedure, is a matter that must be determined in the light of the existing *690 statute. There does not seem to be unanimity of opinion among the academicians oh this question. Let me say at this point that" the applicable provisions of the Civil Practice Law and Rules are not word-for-word identical with section 193 of the Civil 1 Practice Act and rule 102 of the Rules of Civil Practice:
“ Section 1001 [of the CPLR] embodies the substance of sections 193 and 194 of the Civil Practice Act. Though a major change in formulation was accomplished, no substantial change in former practice is intended.” (2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 1001, p. 10-3.) 1
Subdivision 2 of rule 102 of the former Rules of Civil Practice, which is basic to the court’s reasoning in Carrutliers, has been omitted from the CPLR. However, the Distribution Table suggests comparison with CPLR 1003, which réads, in its pertinent portions, as follows: “ Nonjoinder of a party who shoúld be joined under section 1001 is a ground for dismissal of an action without prejudice unless the court allows the action to proceed without him under the provisions of that rule. * * * Parties may be added or dropped by the court, on motion of any party or on its own initiative, át any stage bf the action and upon such terms as may be just.”
The “Practice Commentary”, by Professor David R. Kochery, found in McKinney’s Consolidated Laws of New York (Book 7B, CPLR, p. 273), says: “ This section does not contemplate any change' in' practice from that which prevailed under CPA §§ 192, 193(2). Relevant cases are Carruthers v. Jack Waite Min. Co., 1953, 306 N. Y. 136, 116 N. Y. 2d 286; Steinbach v. Prudential Ins. Co. of America, 1902, 172 N. Y. 471, 65 N. E. 281.”
Yet, in the 1964 “ 'Biannual Survey of New York Practice ”, published in the St. John’s Law Review (May, 1964, Vol. 38, No. 2) under the direction of Professor David D. Siegel, the following comment is made (pp. 447-448): ' "
‘ ‘ Under prior practice a motion to dismiss the complaint for nonjoinder could not be made in the first instance. Two motions were necessary. Defendant had to move, first, for' an order directing the plaintiff to join the omitted party within a specified time and if such order was not complied with, he might after- ; wards move, second, to dismiss the complaint. It was required that the defendant make the motion to add the omitted party; even if the order directing the party to be added was futile in that the absent party was clearly not subject to the jurisdiction of the court and had refused to appear voluntarily. (Emphasis in original.)
*691 ‘ ‘ Since the avowed intent of the Revisers was the avoidance of delay caused by mutiplicity of motions, one might assume that the CPLB. would change this procedure, and allow a motion to; dismiss for nonjoinder in such instance to be made immediately. There is no specific provision in the CPLB which makes a motion for joinder of the indispensable party a condition precedent to a rule 3211(a) (10) motion to dismiss on grounds of nonjoinder. It is apparent that a rule 3211(a) (10) motion could be conditionally granted. The court in such an order would allow a reasonable time for the absent party to be joined, after which time the order would become absolute (and the action would be dismissed) unless an extension was granted.
“If it appears at the very outset, however, that the action cannot continue without the party; that such party is not subject to the jurisdiction of the court; and that he has refused to appear voluntarily, the court should order immediate dismissal.
“ The court in the instant case* interpreted the CPLR as retaining the dual-motion procedure of the CPA. Such motion practice results in unnecessary delay. The decision appears to give the relevant CPLR provisions a construction they were not intended to have. The dual-motion procedure should not be required in circumstances where it serves no useful purpose.”
The Legislature has mandated upon Bench and Bar alike a significant canon of construction: “ The civil practice law and rules shall be liberally construed to secure the just, speedy and inexpensive determination of every civil judicial proceeding.” (CPLR 104.) Keeping this in mind, I am in agreement with the view that the dual motion envisaged in the Carruthcrs decision under the former statute is not now necessary. And, certainly, it is not a prerequisite in the circumstances presented in the case at bar.
CPLR 3211 (subd. [a], par. 10) provides for judgment dismissing the complaint on the ground that “ the court should not proceed in the absence of a person who -should be a party.” CPLR 1001 (subd. [b]) provides that “When a person who should be joined * * * has not been made a party and is subject to the jurisdiction of the court, the court shall order him summoned. If jurisdiction over him can be obtained only by his consent or appearance, the court, when justice, requires, may allow the action to proceed without his being made a party”. CPLR 1003 provides that “ nonjoinder of a party who should be joined under section 1001 is a ground .for dismissal of an action without prejudice unless the court allows the action to proceed *692 without him under the provisions of that section.” And in OPLR 1001 (subd. [b]) a number of factors have been laid down by the Legislature as a guide to the court in determining whether to allow the action to proceed:
“ 1. whether the plaintiff has another effective remedy in case the action is dismissed on account of the nonjoinder;
“2. the prejudice which may accrue from the nonjoinder to the defendant or to the person not joined;
‘ ‘ 3. whether and by whom prejudice might have been avoided or may in the future be avoided;
“ 4. the feasibility of a protective provision by order of the court or in the judgment; and
*1 5. whether an effective judgment may be rendered in the absence of the person who is not joined. ’ ’
A “ broad discretion ” is thus granted the court by subdivision (b) of CPLR 1001. As stated in Weinstein-Korn-Miller, New York Civil Practice: “ It is possible to conceive of a situation where a large number of shareholders are in New York and where all the defendants áre in New York, but they control a corporation which is outside the state and not subject to its jurisdiction. Assuming that the New York forum is the most convenient one, a shareholders’ action need not necessarily be dismissed. The corporation, for whose benefit the suit is brought, cannot complain since it can appear and intervene at any time. The defendants’ contention of possible liability in a subsequent suit by the corporation seems somewhat unreal, since they might well control the corporation and could insure its becoming a party. Moreover, the shareholders’ derivative suit might itself be considered a class action, binding on all other shareholders and thus on the corporation.” (Vol. 2, par. 1001.09, p. 10-10.)
From one point of view, two of the instant motions may perhaps be deemed premature (Carruthers v. Waite Min. Co., 306 N. Y. 136, 142, supra). But this much is certain at this stage of the proceedings — the immediate pivotal factual question is whether the court acquired and has the needed jurisdiction. All else must await determination of that issue. If jurisdiction there was, then all the motions must fail. If jurisdiction there was not, the court may stay all proceedings until the indispensable party is brought in and if that be not done after a reasonable opportunity, the court may still proceed on the basis of other alternatives now afforded by statute, or (if these be not just or feasible in the circumstances) ultimately dismiss the complaint.
*693 In view of the factual conflict presented in the papers, it is necessary that a hearing be had to determine the issue of jurisdiction of the court over the defendant Clinton. And since, as a substantial part of the testimony there adduced may also have a bearing upon a resolution of the issues on the other applications pending before: me, the three motions are consolidated, and the issue of jurisdiction in all of its aspects — including (if jurisdiction had not been secured, and if it be not reasonably obtainable) the factual issues upon which the next appropriate decree of the court is to be made in the premises — will be referred to a Beferee to hear and report with his recommendations. This will include, among all other relevant circumstances, the residences of the several plaintiffs; the question of relegating them to another forum and the availability of service -of process here and there upon the several defendants. Pending receipt of the Beferee’s report, final disposition of the motions will be held in abeyance.

 Polar Distr. v. Granger Realty Corp. (N. Y. L. J., Feb. 21, 1964, p. 20, col. 1, Supreme Ct., Queens County).