(August 14, 1969)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JUAN ANTONIO FERNANDEZ, Petitioner, v. ROSS E. HEROLD, as Director of Dannemora State Hospital, Respondent.— Application, pursuant to CPLR 7002 (subd. [b], par. 2), for a writ of habeas corpus, denied as insufficient on its face. Gibson, P. J., Reynolds, Staley, Jr., Cooke and Greenblott, JJ., concur.

(August 15, 1969)

■ In the Matter of SAM DE CESARE, Also Known as SMERALDO DE CESARE, Petitioner, v. ROBERT G. MAIN, as Justice of the Supreme Court, Respondent.— Motion to dismiss petition granted, without costs (but see *People* v. *Zweig*, 32 A D 2d 569, 570). Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Cooke, JJ., concur.

SECOND DEPARTMENT, JULY, 1969

(July 21, 1969)*

■ COLONIAL SAND & STONE CO., INC., Respondent, v. THOMAS J. HUGHES CONSTRUCTION CO., INC., et al., Respondents, and PIOUS SOCIETY OF SAINT PAUL, INC., et al., Appellants, et al., Defendants.— Appeal from an order of the Supreme Court, Richmond County, dated March 5, 1969, which denied a motion by appellants (1) to dismiss plaintiff's second amended complaint, under CPLR 3211 (subd. [a], par. 10) and section 44 of the Lien Law, or, (2) in the alternative, to stay all proceedings in the action, under CPLR 2201 and 3103; the ground of the motion was that plaintiff failed to bring in, as a necessary party to the action, Thomas J. Hughes Construction Co., Inc., which was named in the title of the action as a defendant. Order affirmed, with $10 costs and disbursements to plaintiff. At the trial of this action, if Thomas J. Hughes Construction Co., Inc., by its trustee in bankruptcy, shall not have theretofore intervened or been impleaded as a party defendant to the first cause of action alleged in the complaint, the Trial Justice can decide whether that cause of action shall proceed to judgment without said Hughes corporation or make such other order or judgment as to that cause of action as the Trial Justice may deem appropriate (*Blumenthal* v. *Allen*, 46 Misc 2d 688, 691; CPLR 1001 [subd. (b)]). As to the second and third causes of action alleged in the complaint, said corporation is not a necessary party. If by the time of the trial, this corporation, by its trustee in bankruptcy, shall not have been made a party to this action, plaintiff of course will be unable to proceed with its fourth cause of action, which action is asserted only against said corporation. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Kleinfeld, JJ., concur.